*630 OPINION.
Littleton :
The Commissioner’s motion to dismiss this proceeding for lack of jurisdiction, for the reason that he has not determined a deficiency within the meaning of the statute, is not well taken. Section 273 of the Revenue Acts of 1924 and 1926, so far as .material here, provides—
As used in this title in respect of a tax imposed by this title the term “ deficiency ” means—
(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; * * *
Applying the provisions of these sections to the facts in this proceeding, we find the following:
Amount shown by taxpayer upon its return for 1917_$367,430.78
Amount previously assessed in 1920 as a deficiency_ 190, 579.00
Total tax previously assessed and paid_ 558,009.78
Amount previously refunded on August 27, 1923_ 290, 736. 28
Amount to be used as the starting point under section 273 in determining whether there is a deficiency involved in this proceeding_ 267,273. 50 •
Additional jeopardy assessment in March, 1924, for the abatement of which petitioner duly filed a claim_ 132, 049. 84
Total outstanding assessment- 399,323.34
Amount of jeopardy assessment of $132,049.84 abated by Commissioner upon consideration of petitioner’s abatement claim_ 92,071.45
Correct tax liability as determined by the Commissioner in the notice mailed to petitioner on December 16, 1925, upon which this proceeding is predicated- 307,251.89
Less the amount shown as the tax by the petitioner upon its return increased by the amount previously assessed and reduced by the amount previously refunded_ 267,273. 50
Deficiency as defined by section 273_ 39,978.39
The Commissioner’s motion to dismiss is therefore denied.
*631 The Board has heretofore had occasion to consider the question raised by petitioner relating to the authority of the Commissioner to reconsider his action after having made a refund of taxes to a taxpayer, under a similar state of facts, and has held that the Commissioner may within the statutory period, or within the statutory period or such period as may be agreed upon between the Commissioner and the taxpayer, assess such tax as he determines to be due. Dallas Brass & Copper Co., 3 B. T. A. 856; Warner Sugar Refining Co., 4 B. T. A. 5; First National Bank of Plattsburg, Mo., 4 B. T. A. 478. The provision of section 273 of the Revenue Act of 1926 would also seem to contemplate that this might be done.
Reviewed by the Board.

Judgment will be entered for the respondent.